**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                    )
HARLEN FRANCISCO PEREZ,             )
                                    )
        Petitioner,                 )
                                    )   Civil Action
v.                                  )   No. 20-10414-PBS
                                    )
STEVEN J. SOUZA, Superintendent,    )
Bristol County House of             )
Corrections.                        )
                                    )
        Respondent.                 )
_____ )

**MEMORANDUM AND ORDER**

March 30, 2020

Saris, D.J.

**INTRODUCTION**

Petitioner Harlen Francisco Perez brings this habeas petition seeking relief pursuant to the Court's declaratory judgment in Reid v. Donelan, 390 F. Supp. 3d 201 (D. Mass. 2019). Petitioner argues that his mandatory detention under 8 U.S.C. § 1226(c) has become unreasonably prolonged and that he is entitled to a bond hearing before an immigration judge.

For the reasons stated below, the Court hereby **ALLOWS** the petition (Docket No. 1) and **ORDERS** that Petitioner receive, within ten calendar days, a bond hearing that complies with the requirements of the permanent injunction in Reid. Respondent's motion to dismiss (Docket No. 23) is **DENIED**.

1

**LEGAL STANDARDS**

Under 8 U.S.C. § 1226(c), the Government "shall take into custody" any noncitizen who is inadmissible or deportable based on a conviction for "certain crimes of moral turpitude, controlled substance offenses, aggravated felonies, firearm offenses, or acts associated with terrorism." Reid, 390 F. Supp. 3d at 213 (quoting 8 U.S.C. § 1226(c)(1); Gordon v. Lynch, 842 F.3d 66, 67 n.1 (1st Cir. 2016)). The statute does not allow for conditional release on bond, except in the limited circumstance of witness protection. See 8 U.S.C. § 1226(c)(2).

Nonetheless, "mandatory detention under § 1226(c) without a bond hearing violates due process when an alien's individual circumstances render the detention unreasonably prolonged in relation to its purpose in ensuring the removal of deportable criminal aliens." Reid, 390 F. Supp. 3d at 219.

In Reid v. Donelan, this Court certified a class of "[a]ll individuals who are or will be detained within the Commonwealth of Massachusetts or the State of New Hampshire pursuant to 8 U.S.C. § 1226(c) for over six months and have not been afforded an individualized bond or reasonableness hearing." No. 13-30125-PBS, 2018 WL 5269992, at *8 (D. Mass. Oct. 23, 2018). Pursuant to this Court's subsequent declaratory judgment, any member of the Reid class may "bring a habeas petition in federal court to

challenge his detention as unreasonably prolonged." Reid, 390 F. Supp. 3d at 227.

The reasonableness of a petitioner's continued detention without a bond hearing under § 1226(c) must be analyzed on a case-by-case basis. See id. at 219. The following nonexclusive factors are relevant in determining the reasonableness of continued mandatory detention:

> [T]he total length of the detention; the foreseeability of proceedings concluding in the near future (or the likely duration of future detention); the period of the detention compared to the criminal sentence; the promptness (or delay) of the immigration authorities or the detainee; and the likelihood that the proceedings will culminate in a final removal order.

Id. (citation omitted).

Of these factors, the length of the petitioner's detention is "the most important." Id. Mandatory detention is "likely to be unreasonable if it lasts for more than one year during removal proceedings before the agency, excluding any delays due to the alien's dilatory tactics." Id. Detention of less than one year may be unreasonable "if the Government unreasonably delays or the case languishes on a docket." Id. at 220.

If a petitioner's mandatory detention has been unreasonably prolonged, the petitioner "is entitled to a bond hearing before an immigration judge." Id. At that hearing,

> [T]he Government [must] prove that the alien is either dangerous by clear and convincing evidence or a risk of flight by a preponderance of the evidence. The immigration

3

>     court may not impose excessive bail, must evaluate the
>     alien's ability to pay in setting bond, and must consider
>     alternative conditions of release such as GPS monitoring
>     that reasonably assure the safety of the community and the
>     alien's future appearances.

Id. at 228.

**FACTS**

**I.    Pre-Detention Background**

Petitioner is a citizen of the Dominican Republic. He was admitted into the United States as a lawful permanent resident in September 1991, when he was five years old. Petitioner has five U.S. citizen children under the age of 15. His mother and two of his sisters are also U.S. citizens and he has another sister who is a lawful permanent resident.

Petitioner has a long history of mental illness. He was diagnosed with schizophrenia and depression with anxiety in childhood. Due to his mental health conditions, Petitioner receives Supplemental Security Income (SSI).

In July 2016, Petitioner was convicted in Rhode Island for possession of cocaine. Petitioner explains he was using cocaine to self-medicate due to his mental illness. Petitioner pled nolo contendere and was sentenced to 18 months of probation. He has no memory of being advised by his defense attorney that this conviction could result in his deportation. Petitioner successfully completed probation and voluntarily entered and

4

completed an inpatient program for substance abuse at the Phoenix House in Rhode Island.

The Department of Homeland Security ("DHS") issued a Notice to Appear ("NTA"), the charging document to initiate removal proceedings, against Petitioner on October 3, 2017 based on the Rhode Island controlled substance conviction. However, the NTA was not served on Petitioner until April 1, 2019.

In the meantime, Petitioner was arrested on two further occasions. In January 2019, he pled nolo contendere to a misdemeanor charge of possession of a prohibited weapon other than a firearm after he was found with a knife. He was sentenced to six months of probation. On March 16, 2019, Petitioner was arrested for the Rhode Island offenses of disorderly conduct and willful trespass. On April 1, 2019, the charges were dismissed, and Petitioner was released from state custody.

## II. Immigration Detention and Proceedings

The day Petitioner was released from state custody, DHS arrested him and took him into custody. Petitioner has been held in immigration detention at the Bristol County House of Corrections since his arrest on April 1, 2019. Petitioner's 2016 conviction for possession of cocaine renders his detention mandatory under 8 U.S.C. § 1226(c).

Petitioner had an initial hearing at the Boston Immigration Court on May 1, 2019. At the hearing, the immigration judge

("IJ") informed Petitioner of his right to be represented at his own expense and provided him with a list of free and low-cost legal services. The IJ asked Petitioner if he wanted time to find an attorney and Petitioner responded, "Yes sir." Docket No. 25-2 at 5.

On May 8, 2019, the IJ held another hearing and asked Petitioner if he wanted more time to find an attorney. Petitioner responded, "No, I'd like to resolve the case. I have family that I need to take care of. We are running out of money. I'd like to either be released so I can help them out or be deported." Docket No. 25-1 at 5. Later in the hearing, counsel for DHS informed the IJ that "there's some indicia of possible competence issues." Id. at 7. In response, the IJ reset Petitioner's case for a competency hearing on May 17, 2019.

At the May 17, 2019 hearing, the IJ reset the case again to allow the Government time to provide medical records related to Petitioner's competence and also to give a local non-profit time to help Petitioner find an attorney.

On May 29, 2019, the IJ conducted a hearing to determine Petitioner's competency. The IJ did not have sufficient evidence to make a competency determination at that hearing but had concerns, and so ordered a full forensic competency evaluation by a court-obtained medical professional. On June 12, 2019,

another IJ informed the parties that no doctor had yet been obtained and reset the case again.

On June 25, 2019, the IJ asked the Petitioner a series of question to determine his competency and reviewed his medical records. Although a full forensic evaluation had not been conducted, the IJ determined that Petitioner was not competent because of his severe mental illness and therefore was entitled to counsel under the National Qualified Representation Program ("NQRP"). At a hearing on July 16, 2019, the IJ told the parties the immigration court was still in the process of appointing an NQRP attorney.

On July 26, 2019, Petitioner appeared for a hearing with his newly appointed counsel. Petitioner's attorney requested a two-week continuance to prepare Petitioner's case, which was granted. At a hearing on August 14, 2019, the IJ reset the case until September 11, 2019 because the NTA needed to be re-served. At the September 11 hearing, Petitioner's attorney requested a continuance of a week to file a responsive pleading to the NTA.

On September 19, 2019, the IJ scheduled a merits hearing for November 7, 2019 on Petitioner's application for relief. After Petitioner's counsel requested more time to prepare, the IJ reset the hearing for December 4, 2019. By joint motion of the parties, the merits hearing was again reset to December 16,

2019 to allow DHS time to provide Petitioner's counsel with updated medical records.

Petitioner's merits hearing went forward on December 16, 2019. The IJ found Petitioner removable but granted him relief in the form of cancellation of removal.

The Government appealed the IJ's decision to grant cancellation of removal to the Board of Immigration Appeals ("BIA"). The appeal remains pending.

## DISCUSSION

Petitioner argues he is entitled to a bond hearing before an immigration judge because his mandatory detention is "unreasonably prolonged in relation to its purpose in ensuring the removal of deportable criminal aliens." Reid, 390 F. Supp. 3d at 219.

### I.   Length of Detention

The length of a petitioner's mandatory detention is "the most important factor" in determining its reasonableness. Id. Detention of over a year is "likely to be unreasonable," but "[p]eriods of detention directly attributable to an alien's dilatory tactics should not count in determining whether detention has exceeded the one-year mark." Id. at 219-20. The Court begins by determining whether Petitioner's detention has exceeded the one-year mark.

Here, Petitioner will have been detained for a full year as of April 1, 2020. Respondent argues that "Petitioner did not move forward with his case in as deliberate fashion as possible" so the full period of his detention should not count toward the one-year clock. Docket No. 24 at 8. Specifically, Respondent argues Petitioner's case would have moved more quickly if (1) Petitioner had obtained counsel himself prior to court-appointed counsel's appearance on July 26, 2019 and/or (2) Petitioner's counsel had not requested continuances on July 26, 2019, September 11, 2019, November 1, 2019, and December 4, 2019.

Respondent also argues the time spent determining Petitioner's competency should not be considered an unreasonable period of delay. While recognizing that "Petitioner did not contribute to such delays," Respondent argues that those delays make Petitioner's case "unique" such that Reid's presumption that proceedings can reasonably be concluded within one year should not apply. Docket No. 24 at 8.

Certainly, the IJ's efforts to assess Petitioner's competency and to secure counsel to represent him were not unreasonable — quite the contrary. But the vital inquiry in Reid for purposes of determining whether time should be deducted from the detention period is whether the petitioner extended his own detention by engaging in "dilatory tactics." Reid, 390 F. Supp. 3d at 220. There is no evidence of dilatory tactics here.

9

Petitioner did not contribute to the delays in completing his competency assessment, which was reset several times when the immigration court was unable to secure a court-ordered forensic evaluation. The IJ then determined Petitioner was entitled to court-appointed counsel due to his incompetence, so the delay in securing an attorney was not dilatory on Petitioner's part. Neither were the limited number of short continuances requested by appointed counsel.

Petitioner's detention will pass the one-year mark within days after this Order issues and he has not engaged in dilatory tactics, making it "likely" that his continued detention is unreasonable. Id. at 219.

## II.  Other Relevant Factors

In assessing the reasonableness of Petitioner's mandatory detention, the Court also considers "[1] the foreseeability of proceedings concluding in the near future (or the likely duration of future detention); [2] the period of the detention compared to the criminal sentence; . . . and [3] the likelihood that the proceedings will culminate in a final removal order." Reid, 390 F. Supp. 3d at 219 (numbering added).

Here, the third factor weighs particularly strongly in Petitioner's favor. Petitioner was granted relief from removal by the IJ. Petitioner remains detained pending the Government's appeal to the BIA. That appeal concerns only the IJ's exercise

10

of discretionary judgment and does not challenge Petitioner's statutory eligibility for relief. Petitioner's success before the IJ means there is a low "likelihood that the proceedings will culminate in a final removal order." Id. Additionally, "the period of the detention compared to the criminal sentence" here is far out of proportion. Id. Petitioner has served no time in criminal incarceration, as he received probationary sentences for both of his two prior convictions. He will soon have spent more than a year in immigration detention.

## ORDER

Petitioner's mandatory detention under 8 U.S.C. § 1226(c) has been unreasonably prolonged and Petitioner is therefore entitled to a bond hearing before an immigration judge. The petition for a writ of habeas corpus (Docket No. 1) is accordingly **ALLOWED**. Respondent's motion to dismiss (Docket No. 23) is **DENIED**.

The Court **ORDERS** that Petitioner receive, within ten calendar days, a bond hearing that complies with the requirements of the permanent injunction in Reid v. Donelan, 390 F. Supp. 3d 201, 228 (D. Mass. 2019).

SO ORDERED.

/s/ PATTI B. SARIS
Patti B. Saris
United States District Judge